UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GWENDOLYN BURGESS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-617 |
| | § | |
| TEXAS CHILDREN'S HOSPITAL, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

Pending before the Court is the defendant's, Texas Children's Hospital (the "defendant"), motion for summary judgment (Dkt. No. 21). The plaintiff, Gwendolyn Burgess (the "plaintiff"), has filed a response in opposition to the motion (Dkt. No. 23), to which the defendant has filed a reply (Dkt. No. 27). After having carefully considered the motion, response, reply, the record and the applicable law, the Court determines that the defendant's motion for summary judgment should be **GRANTED**.

**II.    FACTUAL AND PROCEDURAL BACKGROUND[1]**

In July 2013, the plaintiff, an African American female, began a two-year dual program where she would earn a master's degree while completing a residency in pharmacy.[2] The master's program was provided through the University of Houston College of Pharmacy, while the residency program was facilitated by the defendant. The residency program emphasizes learning through a series of rotations within various pharmacy departments throughout the pharmacy. As part of the coursework, the plaintiff was required to submit a master's thesis.

---

[1] Throughout this section, this Court references exhibits presented in the record, and attachments to the defendant's motion for summary judgment (Dkt. No. 21). Specific references to intervals will not be made.

[2] The residency program is divided into two years, Post Graduate Year One ("PGY1") and Post Graduate Year Two ("PGY2").

Upon the successful completion of the two years, the resident receives a certification evidencing the completion of the program. For administrative needs, the plaintiff reported to Karen Gurwitch ("Gurwitch"), the Director of Pharmacy, until Gurwitch's departure in April 2014. Jeff Wagner ("Wagner") replaced Gurwitch as the Director of Pharmacy, and Stephen Davis ("Davis") replaced Gurwitch as Residency Program Director. Thereafter, the plaintiff reported to Stephen Davis. In February 2014, the plaintiff complained to Human Resources that Gurwitch directed discriminatory comments and acts towards her. The plaintiff also stated that Gurwitch was harder on her because she was an African American female. The plaintiff alleges that once Davis took over as her supervisor, he began to make inappropriate comments and send inappropriate text messages. The plaintiff specifically references an October 2013, work conference where Davis allegedly commented on her physical appearance and sent her inappropriate text messages.

Each department that the plaintiff worked in assigned her an instructor ("preceptor"), who would evaluate and rate her performance. There were three possible ratings that could be assigned to a student: achieved ("ACH"), satisfactory progress ("SP"), and needs improvement ("NI"). To successfully complete each program goal, the plaintiff would need to achieve a rating of either SP or ACH; a rating of NI had to be resolved before the program goal could be deemed complete. Upon the conclusion of PGY1, the plaintiff had received a total of seventy-two NI ratings. The plaintiff was assigned twenty-five more NI's during PGY2. April 20, 2015, the plaintiff was notified that she was in danger of failing the program and losing her position. She was advised that it appeared unlikely that she would complete the program and that she should submit a remediation plan outlining how she planned to successfully complete the program. The

letter went on to state that if it were determined that her remediation plan was inadequate, she would then be dismissed from the residency program.

After multiple attempts at remediation and reviews by several preceptors, Wagner determined that the plan submitted by the plaintiff would not allow her to successfully complete the program. Thus, Wagner made the decision to terminate the plaintiff's employment with the defendant and dismiss her from the residency program effective May 1, 2015. On February 1, 2016, the plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") against the defendant, alleging race, gender, sex discrimination and retaliation. The plaintiff alleges that her poor performance ratings and negative feedback was due to her race and sex. She further alleges Wagner terminated her employment because of the discrimination complaint she filed against Davis. The plaintiff filed this instant suit on February 24, 2017, asserting three causes of action: (1) race discrimination in violation of Title VII and Section 1981; (2) gender discrimination in violation of Title VII; and (3) retaliation in violation of Title VII.

### III. CONTENTIONS OF THE PARTIES

#### A. The Defendant's Contentions

The defendant argues that all alleged acts of discrimination occurring prior to April 7, 2015, are time-barred as a matter of law since the plaintiff waited until February 1, 2016, to file her EEOC Charge. The defendant further claims that it is entitled to summary judgment with respect to the plaintiff's remaining Title VII claims because the plaintiff has no evidence that she was subjected to any adverse employment action due to her race, gender, or as a retaliatory motive. The defendant argues that the plaintiff cannot establish that she was subjected to an adverse action or was treated less favorably than any similarly situated employee. The defendant

alleges that it is entitled to summary judgment because it had legitimate, nondiscriminatory reasons for terminating her employment. In addition, the defendant contends that the plaintiff cannot rebut its proffered legitimate, non-discriminatory reasons for its actions. Thus, the defendant avers that summary judgment is appropriate and thereby seeks dismissal of all claims in this action.

### B. The Plaintiff's Contentions

In response, the plaintiff argues that the record demonstrates that the defendant's proffered legitimate, non-discriminatory reasons for its actions are a pretext for discrimination. In addition, the plaintiff argues that the record presents evidence that creates a sufficient issue of material fact with respect to her Title VII claims. The plaintiff further alleges that evidence strongly supports an inference of retaliation. Thus, the plaintiff urges the Court to deny the defendant's motion.

## IV. LAW APPLICABLE TO CASE

### A. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue

as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed. 2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but

only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52 (1986)).

### B. Title VII

Title VII forbids an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In employment discrimination cases, such as the one *sub judice*, discrimination under section 1981 may be proven "through direct or circumstantial evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) (citing *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)). In a case where a plaintiff produces no direct evidence of discriminatory intent, the Court must evaluate proof of circumstantial evidence using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *See Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). Under the *McDonnell Douglas* burden-shifting framework:

> [A] plaintiff must first create a presumption of intentional discrimination by establishing a prima facie case. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. The burden on the employer at this stage is one of production, not persuasion; it can involve no credibility assessment. If the employer sustains its burden, the prima facie case is dissolved, and the burden shifts back to the plaintiff to establish either:

> (1) that the employer's proffered reason is not true but is instead a pretext for discrimination; or (2) that the employer's reason, while true, is not the only reason for its conduct, and another motivating factor is the plaintiff's protected characteristic.

*Alvarado*, 492 F.3d at 611 (emphasis, citations and internal quotation marks omitted); *see also Turner*, 476 F.3d at 345 (internal citations omitted). "Although intermediate evidentiary burdens shift back and forth under [the McDonnell Douglas] framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981)).

Thus, "a plaintiff can avoid summary judgment if the evidence, taken as a whole: (1) creates a fact issue as to whether the employer's stated reasons was not what actually motivated the employer; and, (2) creates a reasonable inference that race, or religion was a determinative factor in the actions of which plaintiff complains." *Grimes v. Tex. Dep't of Mental Health and Mental Retardation*, 102 F.3d 137, 141 (5th Cir. 1996) (citing *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 450 (5th Cir. 1996).

Using the *McDonnell Douglas* framework to establish race or religious discrimination under section 1981, a plaintiff must demonstrate that she: "(1) belongs to a protected group; (2) was qualified for her position; (3) suffered an adverse employment action; and (4) was replaced by someone outside of the protected class or, in the case of disparate treatment, that similarly situated employees were treated more favorably." *Nasti v. CIBA Specialty Chems. Corp.*, 492 F.3d 589, 593 (5th Cir. 2007) (citing *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001)).

### C. Title VII Retaliation

To establish a *prima facie* case of Title VII retaliation, "a plaintiff must show that: (1) [s]he engaged in activity protected by Title VII; (2) [s]he was subjected to an adverse employment action; and, (3) a causal link existed between the protected activity and the adverse employment action." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004) (citing *Banks v. E. Baton Rouge Parish Sch. Bd.* 320 F.3d 570, 575 (5th Cir. 2003)). "The burden-shifting structure applicable to Title VII discrimination cases, as set forth in *[McDonnell Douglas]*, is applicable to Title VII unlawful retaliation cases." *Haynes v. Pennzoil Co.,* 207 F.3d 296, 299 (5th Cir. 2000).

## V. ANALYSIS AND DISCUSSION

In Texas, a person claiming unlawful discrimination or retaliation must file a charge of discrimination with the EEOC within 300 days "after the alleged unlawful employment practice occurred." *EEOC v. WC&M Enters., Inc.*, 496 F.3d 393, 398 (5th Cir. 2007). Because the plaintiff filed her EEOC Charge on February 1, 2016, any Title VII discrimination claims that predate April 7, 2015, are statutorily barred. The plaintiff's race discrimination claim is based on comments made by Gurwitch during her tenure with the defendant, which the plaintiff alleges were intentionally discriminatory. It is undisputed that Gurwitch ceased working for the defendant on April 10, 2014, over two years before the plaintiff filed her EEOC charge. Therefore, the plaintiff has failed to present evidence of any racial discriminatory acts, within 300 days of her EEOC Charge. Her race allegation is clearly time-barred.

To advance the analysis and discussion of the plaintiff's remaining Title VII claim(s), the Court assumes that the plaintiff has stated a *prima facie* case based in race or gender. The defendant asserts that the plaintiff's claims should fail because she was terminated for a reason,

and there is no evidence of pretext. The defendant further asserts that unlike the plaintiff, her comparators did not have the same performance issues throughout the residency. An "employer need only articulate a lawful reason [for its actions], regardless of what its persuasiveness may or may not be." *Bodenheimer v. PPG Indus., Inc.,* [63 EPD ¶ 42,661] 5 F.3d 955, 958 (5th Cir. 1993). "Poor work performance is a legitimate, non-discriminatory reason for discharge." *Williams v. Jupe Co.*, 81 Fed. Appx. 492, 2003 U.S. App. LEXIS 24067; *see also Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 408 (5th Cir. 1999). Because the plaintiff has not produced convincing evidence that rebuts the defendant's legitimate, nondiscriminatory reason for not promoting her, the defendant has met its burden. *Shackelford*, 190 F.3d at 404; (citing *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 993 (5th Cir. 1996)).

The plaintiff's assertion of pretext also fails as not supported by evidence worthy of credence. *Laxton*, 333 F.3d at 578. Therefore, summary judgment is proper for the defendant on the plaintiff's claims of discrimination based on race, gender and pretext.

The Court also grants the defendant's motion concerning the plaintiff's retaliation claim. The plaintiff points to the difference in her ratings before and after her complaint to Human Resources, as well as the "angry tone" of written documentation from Davis, as the basis for this claim. However, the stated basis for terminating the plaintiff articulates legitimate, non-retaliatory reasons for her termination. The plaintiff has not presented any evidence that the defendant's reasons for the decision, even in the face of an "angry" letter. The plaintiff was terminated for failing obtain satisfactory ratings on several of her objectives as well as failing to present an adequate remediation plan.

Finally, the plaintiff also points to the temporal proximity of her protected activity and her termination. This argument is not evidentiary and fails to disprove the defendant's legitimate

nondiscriminatory basis for terminating her. Therefore, the Court holds that, as to the plaintiff's entire suit, summary judgment is appropriate.

## VI. CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion for summary judgment is **GRANTED**.

It is so **ORDERED**.

SIGNED on this 30th day of November, 2018.

_____
Kenneth M. Hoyt
United States District Judge